IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY BLANEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1382-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Blaney, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On July 18, 2008, a Dallas County jury convicted petitioner of aggravated sexual assault of a child and sentenced him to life imprisonment. His conviction is on appeal. In his application for federal habeas relief, petitioner contends that: (1) the indictment was based on an illegal warrant; (2) he was unlawfully extradited from Oregon; and (3) he is the victim of a malicious prosecution.

After this action was filed, the court sent written interrogatories to petitioner to determine whether his claims were properly exhausted. Petitioner answered the interrogatories on October 15, 2008. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner's conviction is currently pending on direct appeal. As a result, none of his claims have been presented to or considered by the Texas Court of Criminal Appeals. Dismissal is clearly warranted under these circumstances. *See Clark v. Dretke*, No. 3-03-CV-1651-M, 2003 WL 22510788 at *2 (N.D. Tex. Nov. 3, 2003), *COA denied*, No. 03-11259 (5th Cir. Jul. 1, 2004) (dismissing section 2254 action for failure to exhaust state remedies where direct appeal was pending).[1]

### RECOMMENDATION

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

---

[1] The court notes that this is the second time petitioner has sought federal habeas relief without satisfying the exhaustion requirement. His first habeas petition, filed before petitioner was convicted, also was dismissed without prejudice. *Blaney v. Valdez*, No. 3-08-CV-0637-G, 2008 WL 2790818 (N.D. Tex. Jul. 17, 2008).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE